UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 06-245 (JDB) |
| **MELVIN GALE,** | : | Plea: November 30, 2006 |
| Defendant. | : | |

## GOVERNMENT'S PROFFER OF PROOF IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America submits the following proffer of proof in support of defendant's plea of guilty to Count Three of the Indictment in this matter.

*Elements of the Offense.*

The essential elements of the offense of unlawful distribution of oxycodone within 1000 feet of a school, in violation of 21 United States Code, §§ 841(a)(1) and 860(a), each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) That the defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The Government need not prove that the defendant received or expected to receive anything of value in return. To establish this element of the offense, the Government must prove beyond a reasonable doubt that the defendant distributed a detectable amount of the controlled substance oxycodone;

(2) That the defendant distributed the controlled substance knowingly and

1

intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3)     That the substance at issue in this case was oxycodone. The law makes oxycodone a controlled substance.

(4)     That the defendant distributed the controlled substance within 1000 feet of a public elementary school. The Government is not required to prove that the defendant knew he was within 1000 feet of an elementary school when he committed the offense. The Government must only prove that the defendant was in fact within 1000 feet of a public elementary school when he committed the offense.

### *Penalties for the Offense*

The penalty for unlawful distribution of oxycodone within 1000 feet of a school, is set out at 21 United States Code, § 860(a) with reference to 21 United States Code, § 841(b). The maximum penalty is:

(1)     a term of imprisonment which may not be less than one (1) year nor more than forty (40) years;

(2)     a term of supervised release of not more than six (6) years after any period of incarceration;

(3)     a fine not to exceed $2,000,000;

(4)     a special assessment of $100.

U.S. Sentencing Guideline section 5E1.2 permits the Court to impose a fine to pay the costs of imprisonment, term of supervised release, and period of probation.

*Factual Proffer*

If this matter had gone to trial, the Government's evidence would establish the following facts beyond a reasonable doubt.

In the early summer of 2006, an individual came to the FBI offering information about a person selling Oxycontin and Percocet in the District of Columbia. Through conversations with the informant and consensually recorded telephone calls, the defendant Melvin Gale was identified as the seller of the prescription drugs. The FBI then arranged four controlled buys from the defendant by the informant.

The first purchase occurred on June 13, 2006. At about 5:20 pm, the informant met Edna Branham at her house at                         Ms. Branham was a runner for the defendant. On June 13, she rode with the informant to the area of the defendant's residence at              Street, NE. The informant gave Ms. Branham $2,300. Ms. Branham was observed going into the defendant's residence. About ten minutes later she returned to the informant's car and gave him 115 Oxycontin 40 mg pills. The informant was wearing a recording/transmitting device during the transaction. Had this case gone to trial, the Government would have played the recording from this transaction. The informant can be heard speaking to the defendant on the telephone during the car ride toward the defendant's house and Ms. Branham can be heard describing how she got the pills from the defendant but was paid only a small amount for her work.

The second transaction occurred on June 19, 2006. At about 4:50 pm, the informant traveled to the Denny's Restaurant at 4445 Benning Road as had previously been arranged by telephone with the defendant. The defendant arrived at the parking lot in a gold Lincoln Town

Car. He spoke with the informant by cell phone and directed the informant to follow his car to another location. The defendant then drove to the area of                    , NE and parked directly in front of Smothers Elementary School. At that location, the informant got into the defendant's Lincoln Town Car and gave the defendant $2,300. The defendant then provided a factory sealed bottle of 100 Oxycontin 40 mg pills and 120 Percocet 7.5/325 mg pills. Once again the informant was wearing a recording/transmitting device. At a trial the Government would have played this recording in which the school building can be clearly seen and the defendant can be heard telling the informant to keep the bottles low so as not to let people see what he is doing while he removed the prescription labels from the bottles.

The third sale took place on June 27, 2006 at about 5:05 pm. On that date and time, the informant traveled to the defendant's house at              NE. The informant provided $3,000 to the defendant and received 90 Oxycontin 40 mg pills and 30 Oxycontin 80 mg pills. The informant was wearing a recording/transmitting device. The defendant can be clearly seen as well as heard in this tape as he discusses the drug transaction.

The final sale occurred on June 29, 2006 around 5:10 pm. The informant again traveled to the defendant's house to complete this transaction. The informant gave $4,000 to the defendant and received 200 Oxycontin 40 mg pills. The informant was wearing a recording/transmitting device, however the recording part of the device did not work on this day. The Government would have presented photographs taken of the informant and the defendant leaving                   well as testimony of FBI agents who were listening as the transaction occurred to corroborate the informant's narrative of what happened in this deal.

The Government's evidence also includes tapes of numerous phone conversations between the informant and the defendant where illegal transactions involving prescription

4

narcotics are discussed. These telephone recordings also include discussions about the illegal use of insurance information to get prescriptions for narcotics from medical professionals.

The last segment of the Government's evidence pertains to the search warrant that was executed at the defendant's residence of                    NE on July 13, 2006 by the FBI. Items seized included 1135 methadone pills, 155 Oxycontin 40 mg pills, and 240 Percocet 7.5/325 mg pills. Agents also recovered small quantities of a variety of other prescription drugs including Viagra, Valium, Lidoderm, Celebrex, and acetaminophen with codine. Numerous documents relating to medical benefits, both in the name of the defendant and the names of others, were also seized.

The Government would have shown through expert testimony of DEA chemists that all of the substances described above were in fact controlled substances.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

BY: 

BRYAN ROSLUND
Special Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W. #4108
Washington, DC 20001
(202) 514-4922; Fax: (202) 616-2296

*Defendant's Acceptance*

I have read each of the five pages constituting this Proffer of Proof and have discussed it with my attorney, Gene Johnson, Esquire. I fully understand this Proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this document fully.

Date: 11-30-06

_____
MELVIN GALE
Defendant

*Attorney's Acknowledgment*

I have read each of the five pages constituting this Proffer of Proof, reviewed them with my client, and fully discussed each of the provisions with my client. These pages accurately and completely set forth the facts of this case. I concur in my client's desire to plead guilty and admit these facts.

Date: 11-30-06

_____
Gene Johnson, Esquire
Attorney for the Defendant